UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JESSE CASAS,<br><br>     Plaintiff,<br><br>v.<br><br>ANTHONY MECHANICAL SERVICES, INC., et al.,<br><br>     Defendants. | No. 5:21-CV-168-H |

# MEMORANDUM OPINION AND ORDER
# REMANDING THE CASE

A massive air conditioner fell on Jesse Casas while he was at work. Alleging, understandably, that someone messed up, he filed a lawsuit against various entities—Anthony Mechanical Services, Inc. (the landlord), Lickity Split Expediting, LLC (the trucking company that delivered the unit), and Temtrol, Inc. (the unit's manufacturer).

One party Casas did not sue was Nortek Air Solutions, LLC. Nevertheless, Nortek entered the picture by removing this case from state to federal court. Nortek did so because, in its view, Casas mistakenly sued Temtrol instead of it. And removal was proper, according to Nortek, because Casas fraudulently joined a nondiverse defendant. By looking behind Casas's fraud, the Court could exercise diversity jurisdiction.

But Nortek has no voice in these proceedings. At least, not yet. A nonparty may not remove a case from state to federal court, regardless of whether it believes it should be a party. The proper course in such a situation is for the nonparty to intervene in state court, then remove. Since that did not happen, the Court lacks jurisdiction to even consider Nortek's argument that Anthony Mechanical Services, Inc. was improperly joined. Because Nortek removed a case it is not a party to, the case must be remanded.

1.    **Factual and Procedural Background**

Jesse Casas is a journeyman HVAC technician employed by Anthony Mechanical, Inc. (AM). Dkt. No. 1 at 28. While at work on April 30, 2021, a large HVAC unit was delivered by a driver working for defendant Lickity Split Expediting (LSE). *Id.* at 19, 29. Because the driver lacked the proper equipment to offload the unit from his truck, Casas and other AM employees were asked to do so. *Id.* Casas alleges that the group was untrained and ill-equipped for the job. *Id.* Ultimately, the HVAC unit slipped while being offloaded and crushed Casas's leg, causing serious injuries. *Id.* at 30.

Casas sued Anthony Mechanical Services, Inc. (AMS, a different company than AM), LSE, and Temtrol, Inc. in state court alleging various forms of negligence. *Id.* at 19, 30–35. The case was then removed to federal court by Nortek Air Solutions, LLC, an entity claiming to be the real defendant in interest for Temtrol. *Id.* at 1 & n.1, 3, 13. Nortek insists that Temtrol, Inc. does not exist and that Nortek is really who Casas meant to sue. *Id.* at 1 & n.1. Nortek also argued that removal was proper because Casas has no viable claims against AMS, the lone in-state defendant. *Id.* at 4–13. Ignoring AMS, the Court could exercise diversity jurisdiction—a fraudulent misjoinder argument. *Id.* at 4–6.

Casas filed a motion to remand the case back to state court, arguing that Nortek was not a party, so it could not remove the case, and that AMS is a proper defendant, so the Court lacks diversity jurisdiction. Dkt. Nos. 15 (motion); 15-1 (brief). Casas also seeks his expenses in litigating the removal and remand. Dkt. No. 15-1 at 25–29. Nortek responded, arguing that Casas committed a misnomer—or a simple mistake in nomenclature—in suing Temtrol and that it (Nortek) is a defendant empowered to remove the case. Dkt. No. 17 at 5–12. Casas replied (Dkt. No. 19), so the motion is ripe.

2.  **Governing Law**

Unlike state courts, federal courts are courts of limited jurisdiction, exercising only the power that the Constitution and Congress afford. As an adjunct to the Court's ability to hear cases between citizens of different states, the Court can hear cases originally started in state court, but which would otherwise satisfy the requirements of diversity jurisdiction. *Cf.* 28 U.S.C. § 1441(a)–(b). "A defendant may remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993) (citing § 1441). Thus, whether a case can be removed from state to federal court depends upon the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939); *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). While any doubts about a case's removability are resolved against the exercise of federal jurisdiction, *Acuna v. Brown & Root, Inc.* 200 F.3d 335, 339 (5th Cir. 2000), "courts should not sanction devices intended to prevent [ ] removal . . . and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (Higginbotham, J.) (quoting 14A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3641, 173 (3d ed. 1998)).

A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). And, critically, a nonparty—even one claiming to be a real party in interest—may not remove a

case to federal court. *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (citing *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006), in turn citing *Housing Auth. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973)).

An entity "will not be considered to be a party until it has made an appearance in the state court suit." *T.H. Inc. v. 6218 Investors*, 41 F.3d 235, 237 (5th Cir. 1995). "The law is clear that a case filed in state court may be removed to federal court only by the defendant or the defendants." *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (quoting 28 U.S.C. § 1441(a)). "A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case." *Id.*; *see Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action."); *FDIC v. Loyd*, 955 F.2d 316, 326 (5th Cir. 1992) ("Common sense and the practicalities of pleading dictate that no non-party to a state court proceeding has a mature right to remove that proceeding to federal court."); *Housing Auth. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) (holding that that the district court lacked subject matter jurisdiction over a suit removed by a non-party defendant).

3. Analysis

Nortek removed this case, so the key question is whether Nortek is a defendant. Nortek insists that it is a defendant because it argues that Casas committed a misnomer when he sued Temtrol rather than Nortek. Dkt. No. 17 at 5–6. In Texas, a *misnomer* exists when a plaintiff sues the correct entity under a mistaken name; a *misidentification* "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex.

1999); *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009). Generally, parties are permitted to rectify a misnomer so long as it is not misleading. *See Houston Orthopaedic Specialists*, 295 S.W.3d at 325.

But misnomer—Nortek's best argument—is inapplicable when the plaintiff disputes whether a misnomer has occurred. *Valencia*, 976 F.3d at 597 ("Here, Valencia named Allstate Texas in his petition and served Allstate Texas through its registered agent as confirmed by the Texas Secretary of State's records. It is Allstate Texas, not Allstate Illinois, that Valencia maintains he intended to sue and from which to seek recovery. A misnomer does not exist under these facts."); *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437–38 (5th Cir. 2014); *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir.2011); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.") (quoting 16 J. Moore, et al., Moore's Federal Practice § 107.14[2][c], 106–67 (3d ed. 2006)).

Furthermore, Nortek has offered no evidence that it was actually served in the state litigation. "When the correct party sues or is sued under the incorrect name, 'the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error.'" *Reddy Partnership/5900 North Freeway LP v. Harris County Appraisal*, 370 S.W.3d 373, 376–77 (Tex. 2012) (quoting *Sheldon v. Emergency Med. Consultants, I, P.A.*, 43 S.W.3d 701, 702 (Tex. App.—Fort Worth 2001, no pet.). With no evidence that Nortek was actually served, there is no evidence that the state court ever acquired jurisdiction over it. The citation Nortek offers as evidence that it was served is addressed to Temtrol and Temtrol alone. Dkt. No. 1 at 41. And the Notice of Service of

Process that Nortek received from the Corporation Service Company lists "Temtrol, Inc." as the "Entity Served." Dkt. No. 18 at 20.

Nortek tries to explain this away by saying that "'Temtrol, Inc.' does not exist as a corporate entity. However, an entity known as 'Temtrol LLC' formerly existed before it was merged into a legal entity now known as Nortek Air Solutions, LLC." Dkt. No. 1 at 13; *see also id*. at 1 & n.1. It may be the case that "Temtrol, Inc." does not exist, as Nortek argues. But according to records both sides have filed with the Court, it did at one point. Dkt. Nos. 15-2 at 1–2; 18 at 6–11. And it can still be served with process, as evidenced by Nortek's own records. Dkt. Nos. 1 at 41; 18 at 20. Without more, the Court is left to conclude that the evidence of Temtrol's existence is a wash, and since all doubts are construed against the Court's exercise of jurisdiction, the tie goes to Casas.

Even if this were a case of *misidentification* rather than *misnomer*, Nortek's removal would still be improper. While "[t]here are circumstances in which a misidentification may be overlooked, e.g., when 'there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake,'" such an analysis is irrelevant outside of the statute-of-limitations context and is inapplicable when the plaintiff disputes the propriety of the interloping defendant's presence. *Valencia*, 976 F.3d at 597.

This case, then, is akin to *Marin v. AA Barrera Berlanga, Inc.*, No. 18-CV-34-AM-CW, 2018 WL 8619805 (W.D. Tex. Dec. 7, 2018), *report and recommendation adopted by* 2019 WL 2565257 (Mar. 27, 2019). There, Texas citizens filed a tort suit in state court against AA Barrera Berlanga, Inc., a Texas corporation. *Id.* at *1–2. AA was served with the suit. *Id.* at *2. Then, Transportes Barrera Berlanga—which had not been named in the suit—

– 6 –

removed the case, claiming that it was incorrectly sued as AA Barrera Berlanga. *Id.* The plaintiffs moved to remand without raising the fact that Transportes, rather than AA, removed the case. *Id.* Fernando Barrera Carrillo then responded to the motion to remand arguing that he, rather than Transportes, was the true defendant and that AA had been improperly joined to defeat diversity. *Id.* Carrillo also argued that the plaintiffs produced no evidence that he and AA were a single, combined enterprise sufficient to make AA's citizenship a factor in the diversity analysis. *Id.* The Magistrate Judge granted the plaintiffs' motion to remand. "[N]either Transportes nor Carrillo was made a party in state court, neither had authority to remove the case to federal court, and neither can be substituted in place of AA Barrera Berlanga, a Texas corporation." *Id.* at *5.

Nortek cites *Marin* (Dkt. No. 17 at 7 & n.3), arguing that the outcome there turned on whether the removing entity would create or destroy diversity. Not so. Magistrate Judge White started his analysis by saying that "Transportes, a non-party, had no authority to remove the case to federal court, which alone is grounds for remand." (citing *De Jongh*, 555 F. App'x at 438 n.5). He then went on to say, as an alternative basis for remand, that "[e]ven assuming Transportes had the authority to remove the case, or that removal by a non-party was a procedural deficiency that could be waived, diversity is nonetheless lacking" because "the Court cannot disregard the citizenship of AA Barrera Berlanga simply because Transportes, and now Carrillo, have declared themselves to be the proper defendant." Judge Moses, adopting Magistrate Judge White's recommendation, further clarified that "Transportes does not have the authority as a non-party to this suit to file a notice of removal" and that "[t]his alone is grounds for remand." 2019 WL 2565257, at *2.

So while it is true that the diversity effects of substituting Transportes for AA were sufficient to warrant a remand, they were not necessary to that outcome.

As a matter of both Texas and federal law, then, Nortek is not a defendant. And because it is not a defendant, it cannot remove this case from state court. The removal provision is explicit that only a "defendant" is authorized to remove a case from state court. The Supreme Court has noted, albeit in a different context (bankruptcy), that a statute that "authorizes specific action and designates a particular party empowered to take it is surely among the least appropriate in which to presume nonexclusivity. 'Where a statute . . . names the parties granted [the] right to invoke its provisions, . . . such parties only may act.'" *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6–7 (2000) (quoting 2A N. Singer, Sutherland on Statutory Construction § 47.23, p. 217 (5th ed.1992)) (alterations in *Hartford Underwriters*). So too here. Section 1441 authorizes a specific action, *i.e.* removal, and designates a particular party empowered to take it, *i.e.* a defendant. No defendant has removed the case (although Lickity Split has consented to removal), and it would be contrary to the plain language of the statute to allow a non-party, Nortek, to take that action.

Nortek resists this conclusion by either drawing distinctions between this case and the litany of cases that militate in Casas's favor or by ignoring critical facts in those cases. First, Nortek's attempts to distinguish *De Jongh* ring hollow. In *De Jongh*, the Fifth Circuit held that "[a] non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." 555 F. App'x. at 437. There, "State Farm never became a party in th[e] action. Jongh did not name State Farm as a defendant in her original petition; although it asserted in its answer and notice of removal that Jongh

– 8 –

incorrectly named Lloyds as a defendant, State Farm did not move to intervene or otherwise request that the district court substitute it as the proper party in interest. Consequently, it lacked the authority to remove this action to federal court." *Id.*

Nortek reads *De Jongh* as turning on a critical distinction—that the putative defendant was out-of-state, so allowing it to substitute itself into a case would create diversity jurisdiction despite the plaintiff's express desire to plead around federal jurisdiction. Dkt. No. 17 at 7–9. Since its presence or absence does nothing to affect diversity, Nortek argues that *De Jongh* is inapposite. That distinction is without a difference here, though: anytime the Court confronts a question of whether removal was proper, it confronts a question of its subject-matter jurisdiction. A nonparty defendant removing a case is no less problematic than a nondiverse defendant removing a case. Congress enacted language giving the power to remove to defendants and defendants alone. 28 U.S.C. § 1441(a). Nortek is correct that the Court cannot create subject matter jurisdiction by substituting parties. Dkt. No. 17 at 7–8. But Nortek fails to acknowledge that, just as the Court cannot create subject matter jurisdiction, neither can it. The party invoking federal jurisdiction always bears the burden of showing that a federal forum is proper. *Mumfrey*, 719 F.3d at 397. A necessary prerequisite to the party's doing so is that the party is, well, a party. Nortek isn't, so federal jurisdiction is improper. *Cf. Valencia*, 976 F.3d at 596 ("As a non-party, Allstate Illinois did not have the right to remove the case to federal court.").

Nortek also cites *Harris v. Meridian Security Insurance Company* for the proposition that Casas committed a misnomer that the Court can correct on its own. No. 4:19-CV-507-P, 2019 WL 8071872 (N.D. Tex. Oct. 9, 2019). But *Harris* is distinguishable on its facts. There, the plaintiff was unopposed to the substitution; he filed a certificate of interested

parties listing both the defendant and the real party in interest. Indeed, "[t]his correction *by both parties* throughout the federal case is sufficient to cure the misnomer that occurred at the state court." *Harris*, 2019 WL 8071872, at *2 (emphasis added).

To be sure, *Harris* does invoke in a footnote the Second Circuit's reading of "defendant" in Section 1441(a) to include the real defendant in interest, describing it as a useful concept. *Id.* at *2 n.1 (citing *Russo v. St. George's Univ. School of Med.*, 747 F.3d 90, 96 (2d Cir. 2014)). The *Russo* Court engaged in a concededly atextual reading of Section 1441(a) and Rule 17(a), which sets out the requirement that cases be prosecuted against the "real parties in interest." 747 F.3d at 97 ("[T]he concept of a 'real party defendant in interest' is not only entirely valid, it is an important aspect of removal jurisprudence, despite the absence of the phrase from Rule 17 or elsewhere in the Federal Rules of Civil Procedure."). To reach that conclusion, the Second Circuit relied only on a 1987 district court opinion that "was subsequently approved by other district courts." *Id.* at 96 (citing *M.E. Aslett Corp. v. Crosfield Electronics, Inc.*, No. 86-CIV-3549, 1987 WL 7023 (S.D.N.Y. Feb. 17, 1987), *Hillberry v. Wal–Mart Stores East, L.P.*, No. Civ.A.3:05-CV-63-H, 2005 WL 1862087 (W.D. Ky. Aug. 3, 2005), and *Pioneer Exploration, Ltd. v. Kansas Gas Service Co.*, No. 04-1335, 2004 WL 2931403 (D. Kan. Dec. 17, 2004)). With respect, that is insufficient to disregard the plain text of a Congressional enactment, particularly one which confers jurisdiction on federal courts. Indeed, just last month the Ninth Circuit explained why *Russo*'s reading of "defendants" to mean something more is not only untenable as a textual matter, but counterproductive as a policy matter. *Sharma v. HIS Asset Loan Obligation Trust 2007-1*, 23 F.4th 1167, 1169–73 (9th Cir. 2022) (VanDyke, J.).

Even if the Court were inclined to agree with the real-party-in-interest reading of "defendant," after *Harris*, the Fifth Circuit squarely rejected the "real party in interest" theory of removal jurisdiction in *Valencia*. 976 F.3d at 595 ("A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case."). So however persuasive the real-party-in-interest theory offered by *Harris*—and adopted by the Second Circuit before him—might be, the Fifth Circuit has made clear that it is not an appropriate reading of the removal statutes enacted by the people through Congress. As a lower federal court, this Court is required to faithfully apply that binding precedent. And, in any event, *Harris* turned not on how capaciously or narrowly one should read Section 1441(a)'s use of "defendant," but on the fact that, after the plaintiff corrected the error, there was universal agreement that the removing entity was properly a party to the suit.

Like in *Harris*, *Dalton*—one of Nortek's best cases—also turned on the parties' agreement that the removing entity was, in fact, a party: "In addition, once removed, both parties properly identified State Farm as the correct name of the Defendant in their Certificates of Interested Parties." *Dalton v. State Farm Lloyd's, Inc.*, 4 F. Supp. 3d 859, 864 (S.D. Tex. 2014). "Plaintiff amended her complaint and named State Farm as the Defendant. Unlike De Jongh, she did not continue to assert that her claim was against Lloyd's, Inc." *Id.* (citations omitted). Accordingly, the *Dalton* Court concluded that the case was one of a cured misnomer. *Id.* at 865.

*De Jongh* even raised the point that disagreement between the parties precludes a finding that an error was a misnomer, as Casas points out (Dkt. No. 19 at 2): "Because State Farm and Lloyds are separate but related entities that use a similar trade name and State

– 11 –

Farm had notice of the suit and was not misled or disadvantaged by the mistake, one could argue that this case falls within the 'misidentification exception' line of cases. However, critical to this analysis is the fact that Jongh—the author of the petition—disputes State Farm's assertion that she named Lloyds as a defendant in her original petition in error." 555 F. App'x at 438 & n.4.

Here, Casas insists that Temtrol—not Nortek—is the proper defendant. Dkt. No. 15-1 at 16. Unlike in *Harris* and *Dalton*, there has been no correction, so *De Jongh* is the better comparator. And there, like here, there was no agreement among the *De Jongh* parties that a misnomer occurred and had been cured. 555 F. App'x at 438. Nortek offers no authorities to support its unilateral theory of misnomer—that a defendant can declare itself to be the true defendant over the plaintiff's wishes. Accordingly, Texas's law of misnomers cannot save Nortek.

In support of its ill-fated misnomer argument, Nortek questions the logic of suing Temtrol rather than itself. Dkt. No. 17 at 10. It argues that Casas has offered no basis for omitting Nortek as a defendant. *Id.* But, again, the burden is on Nortek as the party invoking federal jurisdiction to explain why it is proper for this Court to exercise its power. *Mumfrey*, 719 F.3d at 397. Casas does not need to justify his litigation decisions—at least, not to this Court.

Finally, Nortek casts intervention as an "unnecessary procedural hoop." Dkt. No. 17 at 12. The Court disagrees. Requiring a real defendant in interest to intervene in state court before removing a case to federal court advances judicial efficiency and comity. Efficiency because it avoids situations like this, where the federal Court is precluded from reaching the meatier removal question—improper joinder—by the more fundamental

problem that only a defendant can remove a case. Comity because the state court is best able to resolve questions of intervention and joinder. *Cf. Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 816–17 (5th Cir. 2021) (noting that the Federal Rules governing joinder and intervention apply only *after* federal jurisdiction is established and clarifying that misjoinder issues should be addressed in state court prior to removal). And, in any event, any of the actual defendants could have removed the case and argued that Anthony Mechanical Services was improperly joined, thus avoiding the present dispute.

In short, a nonparty cannot remove a case. Nortek is not a party, so its removal was improper. The Court thus lacks jurisdiction and must remand the case to the state court.

**4.   Fees**

Casas seeks to recover the fees he has incurred in litigating the propriety of Nortek's removal. Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, *incurred as a result of the removal.*" 28 U.S.C. § 1447(c) (emphasis added). An award under this section is limited "to fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.,* 111 F.3d 30, 32 (5th Cir. 1997).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292–93 (5th Cir. 2000). A district court may award costs, provided that the plaintiff did not "play[] a substantial role in causing the case to remain in federal court" after removal.

*Avitts*, 111 F.3d at 32.  A defendant's subjective good faith in initiating a removal is not sufficient to preclude the district court from awarding fees.  *Valdes*, 199 F.3d at 292.  The law is agnostic as to an award of fees; they should be neither usually granted nor usually denied.  *Martin*, 546 U.S. at 138–39.  The question, then, is whether Nortek's removal was objectively reasonable.

In *Omega Hospital, LLC v. Louisiana Health Services & Indemnity Co.*, the Fifth Circuit reversed an award of attorneys' fees "in light of authority from sister circuits arguably supporting" removal.  592 F. App'x 268, 271 (5th Cir. 2014).  Accordingly, the Court starts its reasonableness analysis by looking to Nortek's authorities and arguments.

Nortek cited the Second Circuit's opinion in *Russo*, cited in footnote 1 of *Harris*, in support of the real-defendant-in-interest theory of removal.  That reliance might have been objectively reasonable had it not been squarely rejected by the Fifth Circuit in *Valencia* less than a year before Nortek filed its notice of removal.  976 F.3d at 595 ("A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case.").

More concerningly, *Valencia* was "not the first time this court has addressed whether diversity jurisdiction can be created by the substitution of parties."  *Id*. at 596.  *Salazar* and *De Jongh* had both been on the books for some time, and while the latter is unpublished, its persuasive weight had been recognized by 46 opinions across three circuits by the time Nortek removed this case.  The Court concludes that the Fifth Circuit's continuous adherence to the "defendant means defendant" theory of removal—rather than the real-defendant-in-interest theory—makes Nortek's reliance on *Russo* unreasonable.

Nortek also invokes a number of Louisiana district court opinions that cabin both *Salazar* and *De Jongh*, though particularly *De Jongh*, to situations in which a diverse defendant attempts to replace a nondiverse one. Dkt. No. 17 at 8 & n.6. But just because those district court opinions exist does not make Nortek's reliance upon them reasonable. First, Nortek relies on Texas's law of misnomer to explain its presence in this case. *Id*. at 7–8. What a Louisiana district court has to say about federal removal jurisdiction has no bearing on what Texas's law of misnomers is. Second, long before this suit was filed, Judge Boyle ably explained, in *Griffin v. Walmart, Inc.*, No. 3:18-CV-430-B, 2018 WL 2389750 (N.D. Tex. May 25, 2018), why the Louisiana cases Nortek invokes are unpersuasive. Her work speaks for itself, and the Court adopts its reasoning in full:

> The Court respectfully disagrees with these cases because they conflict with the plain language of § 1441(a) and the Fifth Circuit's application thereof in *De Jongh*. Section 1441(a) gives the power to remove to defendants only. . . Indeed, the Fifth Circuit's decision to remand in *De Jongh* stood solely on the fact that the removing party was not a defendant. . . So under § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity jurisdiction.

*Id.* at *4. Finally, the narrow view of *De Jongh* adopted by those Louisiana courts was necessary to the outcome in none of the Louisiana cases that Nortek cites or that the Court has been able to find, so the narrow view is dicta, in addition to being nonbinding and unpersuasive.

*Richard* did not address the issue because the plaintiff failed to move for a remand. *Richard v. USAA Casualty Ins. Co.*, No. 17-CV-175, 2017 WL 8944429, at *2 (M.D. La. Nov. 30, 2017) ("To the extent that Garrison, which was not named in the suit, committed a procedural error by removing this action instead of USAA CIC, Plaintiffs have waived any objection to that error by failing to move for remand."). And *Kling* did not reach the

issue either because both sides stipulated that the amount in controversy was below the federal threshold of $75,000. *Kling v. Cox Commc'ns, Inc.*, No. 17-CV-690, 2017 WL 5762444 at *2 (M.D. La. Nov. 3, 2017), *report & recommendation adopted by* 2017 WL 5760877 (M.D. La. Nov. 28, 2017). Nor did *Varrecchio*, where there was ambiguity about the citizenship of an LLC's members that required further briefing. *Varrecchio v. Moberly*, No. 17-CV-670, 2017 WL 4274437, at *3 (M.D. La. Sept. 26, 2017).

     The closest Nortek comes to an on-point case is *Byrd*, but even that does little work for it, as that was yet another situation in which the plaintiff agreed that there had been a misnomer: "Although Plaintiff has filed a Motion to Remand, Plaintiff has not questioned the assertion that P&S, LLC was erroneously designated as P&S, Inc. and has not challenged the propriety of removal by P&S, LLC rather than P&S, Inc." *Byrd v. Norman*, No. 16-CV-563, 2017 WL 1505122, at *4 (M.D. La. Apr. 10, 2017). Ditto for *Lefort*: "Plaintiffs sought via their petition to sue Entergy's insurer. They misnamed the insurer, naming instead a non-existent entity. Importantly, they do not maintain a contention that the non-existent entity is indeed who they wanted to sue; rather, they state that they wanted to sue Entergy's insurer." *Lefort v. Entergy Corp.*, No. 15-CV-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 15, 2015). And *Fagan* was about whether nonparties could *join* a notice of removal—not whether a nonparty could be the sole party seeking removal. *Fagan v. Thomas*, No. 19-CV-12451, 2019 WL 6683848, at *3–4 (E.D. La. Dec. 6, 2019). Every Louisiana case Nortek cites, then, is distinguishable and is distinguishable for the reasons Casas lays out in his motion and reply. *See* Dkt. Nos. 15-1 at 12–16; 19 at 2–7.

     Even if the Court were to give credence to the Louisiana district court opinions that take the narrow view of *De Jongh*, Nortek points to no cases after *Valencia* maintaining that

narrow reading, and *Valencia* was unambiguous: "At the time of removal, the only defendant in the case was Allstate Texas. Allstate Illinois never sought to intervene in the case or to be joined as a defendant. Neither did Allstate Texas ever contend that it had been erroneously named in the matter. As a non-party, Allstate Illinois did not have the right to remove the case to federal court; diversity jurisdiction cannot be premised on its actions." 976 F.3d at 596.

That the Court has been (perhaps temporarily) precluded by Nortek's improper removal from resolving the improper-joinder arguments further weighs in favor of an award of fees here. As noted above, Nortek could have intervened in state court first, then removed. Or Lickity Split could have removed and argued that Anthony Mechanical Services was improperly joined. Nortek could have even sought intervention in this Court once Lickity Split removed the case. The one thing Nortek could not do was remove before formally joining the case. Although federal courts are courts of limited jurisdiction, they *do* have the power to adjudicate disputes between citizens of different states. 28 U.S.C. § 1332(a). And while the Court resolves all doubts against federal jurisdiction, the Court must "be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (Higginbotham, J.). Nortek's decision to leapfrog intervention or joinder may well have frustrated this Court's exercise of jurisdiction over a case properly before it.

The problem for the Court—and, ultimately, Casas's request for fees—is that the Court sees where this case is headed: right back here. Upon remand, Nortek will seek to intervene or substitute or join the litigation as a defendant. If it is successful, another

removal petition is likely to be filed, and the Court will be asked once again to resolve the improper-joinder question to which the parties dedicate most of their current briefing. To be sure, the better path would have been to have the fight over nomenclature in state court before removing, but whether Temtrol even exists—or why it is even a party to this suit in the first place—is completely unclear to the Court. And although the Court remands the case to state Court, an award of fees would punish Nortek for Casas's inexplicable choices.

Awarding fees to Casas would also ignore that this situation presented Nortek with a Catch-22. Nortek's entire argument is that it *is* Temtrol—that it is a defendant. If Nortek is correct that it and Temtrol are indistinguishable, its 30-day removal window under Section 1446(b)(1) began when service was made on Temtrol. But it may well take the state court more than 30 days from the date of service to rule in Nortek's favor on that question. By winning its argument that it is Temtrol, then, Nortek loses its right to remove. And if it loses that argument, Temtrol's window to remove will have closed, too. (Of course, Casas's entire argument has been that Nortek is not Temtrol, so equitable estoppel would enter the fray should there be an allegation that a future removal is untimely.) All of this leads the Court to conclude that, while the law is clear that only a defendant may remove, the Court cannot say that Nortek's removal was objectively unreasonable given the options the law gives it in the peculiar circumstances of this case.

5.  **Conclusion**

Plaintiffs are the masters of their complaints. Casas sued certain entities but not others. If others want to enter the fray, they may ask the state court's permission to do so. They may not, however, skip that preliminary step and proceed directly to federal court. That is what Nortek did here. Its removal of this case from state to federal court was

therefore improper and insufficient to give this Court jurisdiction over the case. Accordingly, Casas's motion to remand (Dkt. No. 15) is granted, but his request for fees is denied.

So ordered on February 23, 2022.

                                              _____
                                              JAMES WESLEY HENDRIX
                                              UNITED STATES DISTRICT JUDGE